# EXHIBIT A

## Case Information

DC-17-03622 | ROCKY OTTLEY vs. ALAN ARMANDO CABADA, et al

Case Number  
DC-17-03622  
Case Type  
CNTR CNSMR COM DEBT

Court  
68th District Court  
Case Status  
OPEN

File Date  
03/27/2017

## Party

PLAINTIFF  
OTTLEY, ROCKY

Address  
105212 Robindale Dr.  
Dallas TX 75238

Active Attorneys ▼  
Lead Attorney  
HUMPHREYS, MARK  
Retained

Work Phone  
972-263-3722

Fax Phone  
972-237-1690

DEFENDANT  
CABADA, ALAN ARMANDO

Address  
8711 N FREEPORT PKWY SUITE C3  
IRVING TX 75063-2578

DEFENDANT
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

Address
BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201-3136

## Events and Hearings

03/27/2017 NEW CASE FILED (OCA) - CIVIL

03/27/2017 ORIGINAL PETITION ▼

Ottley Petition.pdf

03/27/2017 CASE FILING COVER SHEET ▼

Ottley Civil Case Info.pdf

03/27/2017 ISSUE CITATION

03/29/2017 CITATION ISSUED ▼

DC-17-03622 A.pdf

DC-17-03622 B.pdf

03/29/2017 CITATION ▼

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
**04/05/2017**
Anticipated Server
ESERVE

Anticipated Method
Actual Server
**PRIVATE PROCESS SERVER**

Returned
**04/05/2017**
Comment
**ESERVE/DB**

04/05/2017 RETURN OF SERVICE ▼

A Cabada - Humphreys.pdf

Comment
**CITATION ALAN ARMANDO CABADA EXEC 3/30/17**

04/05/2017 RETURN OF SERVICE ▼

Allstate - Humphreys_0001.pdf

Comment
**CITATION - ALLSTATE VEHICLE AND PROPERTY INS CO EXEC 3/30/17**

## Financial

OTTLEY, ROCKY

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $303.00 |
| Total Payments and Credits | | | | $303.00 |
| 3/28/2017 | Transaction Assessment | | | $303.00 |
| 3/28/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 19583-2017-DCLK | OTTLEY, ROCY | ($303.00) |

## Documents

Ottley Petition.pdf

Ottley Civil Case Info.pdf

DC-17-03622 A.pdf

DC-17-03622 B.pdf

A Cabada - Humphreys.pdf

Allstate - Humphreys_0001.pdf

FILED
DALLAS COUNTY
3/27/2017 4:09:26 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

2-CIT ES Case 3:17-cv-01070-K Document 1-1 Filed 04/21/17 Page 6 of 16 PageID 11

Cause No **DC-17-03622**

| | | |
|---|---|---|
| Rocky Ottley | § § | In the _____ Judicial |
| vs. | § § | District Court of |
| Alan Armando Cabada and | § | |
| AllState Vehicle and Property Insurance Company | § | Dallas County, Texas |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **Rocky Ottley** (619/421), hereinafter called Plaintiff, complaining of and about **Alan Armando Cabada and AllState Vehicle and Property Insurance Company**, hereinafter called Defendants and for cause of action shows unto the Court the following:

**1. SERVICE**

A. Defendant **Alan Armando Cabada (Cabada)** is an insurance agent doing business in the State of Texas. Said Defendant can be served at 8711 N. Freeport Pkwy, Suite C3, Irving, Texas 75063-2578.

B. Defendant **AllState Vehicle and Property Insurance Company (AllState)** is an insurance carrier doing business in the State of Texas. Said Defendant can be served through is registered agent: C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**2. JURISDICTION**

The subject matter in controversy is within the jurisdictional limits of this court in that Plaintiff seeks recovery of over $200,000.00 but less than $1,000,000.00.

**3. VENUE**

Pursuant to Texas Civil Practice & Remedies Code §15.032, venue in Dallas County is proper in this cause of action in that it is where the insured resides.

**4. AGENCY AND VICARIOUS LIABILITY.**

Plaintiff asserts that Defendant Cabada was acting as an agent of Defendant AllState at all times relevant to this lawsuit. Plaintiff asserts that Defendant Cabada is and was acting as an agent of Defendant AllState. Whenever in this Petition it is alleged that Defendants did any act or thing or omission, it is meant that Defendants, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of a Defendant or was done

in the normal and routine course and scope of employment of a Defendant, its officers, agents, employees, or representatives.

5. **WRITTEN NOTICE GIVEN**.

A. Plaintiff has fully complied with all of the conditions precedent prior to bringing this suit.

B. Notice letter was issued January 23, 2017, and this lawsuit is being filed after the expiration of 60 days.

6. **FACTS**

A. At all times relevant to this matter, Plaintiff had a policy of insurance with Defendant AllState that was in full force and effect. The policy number is 000836131798.

B. On December 9, 2016, Plaintiff suddenly noticed a sewer smell in his house.

C. The same day Plaintiff contacted his home warranty company and eventually, on December 14, 2016, Discount Drain came to his home and scoped the drainpipes and found part of the problem, which was a sewer line leak in the slab of the house.

D. On the morning of December 15, 2016, Plaintiff called Defendant AllState to file a claim and spoke with adjuster Alan Armando Cabada and was assigned claim number 0439414442.

E. On December 15, 2016, Discount Drain began excavation of the pipe.

F. On the evening of December 15, 2016, Defendant AllState adjuster Defendant Cabada called Plaintiff back and verbally denied the claim.

G. Plaintiff then received a letter from Defendant AllState adjuster Defendant Cabada dated December 16, 2016, denying Plaintiff's claim for benefits.

H. The odor persisted and a second inspection found a second leak.

I. The total cost for repair of the first leak is $8,850.00.

J. The total cost for repair of the second leak is $11,100.00.

K. The reason for denial of the claim by Defendant Cabada is based on his inaccurate representation of what the policy says.

7. **VIOLATIONS OF THE TEXAS INSURANCE CODE**

A. Plaintiff incorporates herein the "FACTS" set out above.

B.     It appears that Defendant AllState intentionally or in a negligent manner handled Plaintiff's claim.

C.     Defendants' conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

    1)     TIC §541.060(a)(1):     Defendant AllState and Defendant Cabada have violated this section by misrepresenting to a claimant a material fact relating to coverage at issue by telling claimant there is no coverage based on policy language when the language is not correctly and wholly represented to Plaintiff, i.e. a complete reading of the policy shows there is coverage for the loss specifically Section I, Additional Protection, under item 12, Foundation Water Damage, shows there is coverage.

    2)     TIC §541.060(a)(2)(A):     Defendant AllState and Defendant Cabada have violated this section by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear in that research on Defendants' part would show a complete reading of the policy shows there is coverage for the loss specifically Section I, Additional Protection, under item 12, Foundation Water Damage, shows there is coverage.

    3)     TIC §541.060(a)(3):     Defendant AllState and Defendant Cabada have violated this section by failing to provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendants' denial of a claim, i.e., Defendants are telling a claimant there is no coverage when in fact a complete reading of the whole policy, specifically Section I, Additional Protection, under item 12, Foundation Water Damage, shows there is coverage.

    4)     TIC §541.060(a)(7):     Defendant AllState and Defendant Cabada have violated this section by refusing to pay a claim without conducting a reasonable investigation with respect to the claim in that a reasonable investigation would show the policy provides coverage, specifically Section I, Additional Protection, under item 12, Foundation Water Damage, shows there is coverage.

## 8.     VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

A.     Plaintiff incorporates herein the "FACTS" set out above.

B.     It appears that Defendants intentionally or in a negligent manner handled Plaintiff's claim.

C.     Defendants' conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Deceptive Trade Act (DTPA), as follows: has violated the following section of the Act:

    1)     DTPA §17.46(b)(9):     Defendants violated this section by advertising to Plaintiff, services with intent not to sell them as advertised.

    2)     DTPA §17.46(b)(24):     Defendants violated this section by failing to disclose information concerning services which was known at the time of the transaction if such failure to disclose was

intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed, i.e. see FACTS.

## 9. BREACH OF CONTRACT

A. Plaintiff incorporates herein the "FACTS" set out above.

B. It appears that Defendants intentionally or in a negligent manner handled this claim. Defendants' conduct in this matter appears to be in violation of numerous laws, including but not limited to Breach of Contract, as follows:

    1) There is a valid, enforceable contract of insurance between Defendant AllState and Plaintiff.

    2) Plaintiff is a proper party to bring this lawsuit.

    3) Plaintiff has performed under the contract by paying premiums and cooperating with the investigation and supplying necessary information.

    4) Defendant AllState breached the contract with Plaintiff by not providing benefits.

    5) The breach of the contract has caused injury to Plaintiff.

## 10. DAMAGES.

A. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described herein:

    1) Actual damages.

    2) Exemplary damages due to the knowing and intentional conduct.

    3) Mental anguish damages resulting from your conduct.

    4) Reasonable and necessary attorney fees resulting from such conduct.

    5) Penalty at 18%, from December 21, 2016, on actual damages until paid.

## 11. EXEMPLARY DAMAGES

A. Plaintiff incorporates herein the "FACTS" set out above.

B. Defendants committed additional violations of TIC, including but not limited to:

1) <u>TIC §541.152(a)(1):</u> Defendants knowingly committed the acts complained of and incorporates herein all allegations set forth in this petition.

2) <u>TIC §541.152(b):</u> It appears Defendants' conduct as alleged above was committed knowingly in that Defendant had actual awareness of the falsity, unfairness or deceptiveness of the action complained of above.

3) <u>TIC §541.152:</u> Plaintiff seeks a doubling of actual damages for exemplary damages.

## 12. PROMPT PAY PENALTIES.

A. Plaintiff incorporates herein the "Facts" set out in section 6 above.

B. Defendants committed additional violations of TIC, including but not limited to:

1) <u>TIC § 542.057(a):</u> Defendant AllState had all the information it reasonably needed to accept Plaintiff's claim by December 16, 2016, making payment due 5 business days later or on December 23, 2016.

2) <u>TIC § 542.058(a):</u> Defendant AllState did not make payment in a timely manner and is subject to the penalties found in TIC §542.060.

3) <u>TIC § 542.060:</u> Defendant AllState is liable for the amount of the claim plus an 18% penalty on payments that were not timely made and for attorney fees.

## 13. DISCOVERY – REQUEST FOR DISCLOSURE TO DEFENDANTS:

A. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants **Alan Armando Cabada and AllState Vehicle and Property Insurance Company** are <u>each</u> requested to disclose, within fifty (50) days of service of this request, the information or material as set forth in R.194.2(a) through R.194.2(l). A response to a request under Rule 194.2(f) is due according to Rule 195.2 of the Texas Rules of Civil Procedure.

B. The disclosures must be signed in accordance with Texas Rules of Civil Procedure, Rule §191.3, and delivered to the undersigned attorney. If a Defendant fails to comply with the requirements above, the Court may order sanctions against such Defendant in accordance with the Texas Rules of Civil Procedure.

## 14. USE OF DOCUMENTS:

Pursuant to Rule §193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to the Defendants that it intends to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

### 15. ATTORNEY'S FEES.

Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals, as provided by: (a) §17.50(d) of the Texas Business and Commerce Code; (b) §16(b)(1), by §541.152(a)(1), of the Texas Insurance Code; (c) §542.060 of the Texas Insurance Code, and (d) Chapter 38 of the Texas Civil Practice and Remedies Code.

### 16. PRE-JUDGMENT INTEREST.

As a result of the injuries sustained by Plaintiff as aforesaid and in addition to such damages, Plaintiff will show that it is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

### 17. POST JUDGMENT INTEREST.

As a result of the injuries sustained by Plaintiff and in addition to such damages, Plaintiff will show that it is entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

### 18. COSTS OF SUIT.

A. In addition, Plaintiff seeks all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

B. Wherefore, Plaintiff seeks reimbursement of court costs incurred in the trial of this case and thereafter.

### 19. REQUEST FOR JURY TRIAL.

Plaintiff respectfully requests that a Jury be impaneled on final hearing of this cause of action.

### 20. PRAYER.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for the economic and actual damages; exemplary damages requested herein above in an amount in excess of the minimum jurisdictional limits of the Court; together with prejudgment and post-judgment interest at the maximum rate allowed by law, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

SIGNED on March 27, 2017.

Respectfully submitted,

BY: _____
Mark S. Humphreys - SBOT #00789762

MARK S. HUMPHREYS, P.C.
702 Dalworth Street, Grand Prairie, Texas 75050
Tel. (972) 263-3722     *     Fax. (972) 237-1690
Email: texaslaw94@yahoo.com
**Attorney for Plaintiff**

**Certificate of Service:** On this day, I hereby state that a copy of this document has been forward to all known counsel via efile.

FILED
DALLAS COUNTY
4/5/2017 2:23:37 PM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

## OFFICER'S RETURN

Case No.: DC-17-03622

Court No. 68th District Court

Style: ROCKY OTTLEY

vs.

ALAN ARMANDO CABADA, et al

Came to hand on the __30th__ day of __March__, 20__17__, at __10:00__ o'clock __A__.M, Executed at __8711 N. Freeport PKWY C3, Irving, TX, 75063__ within the County of __Dallas__ at __12:00__ o'clock __P__.M. on the __30th__ day of __March__, 20__17__, by delivering to the within named __Alan Armando Cabada by hand__

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand,

For serving Citation  $_____     _/s/ Mark Palmer_   SCH #11593, Exp. 07/31/2018
For mileage           $_____     of __Dallas__ County, __TX__   Authorized Person
For Notary            $_____     By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said __Mark Palmer__ before me this __5th__ day of __April__, 20__17__,

to certify which witness my hand and seal of office,

CHRISTOPHER J. FIORE
Notary Public, State of Texas
Comm. Expires 12-22-2019
Notary ID 11826097

Notary Public _____ County __TX__

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:
    ALAN ARMANDO CABADA
    8711 N FREEPORT PKWY SUITE C3
    IRVING TX 75063-2578

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **68th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **ROCKY OTTLEY**

Filed in said Court **27th day of March, 2017** against

**ALAN ARMANDO CABADA AND ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

For Suit, said suit being numbered **DC-17-03622**, the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 29th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas
          /s/ Denosha Boston
    By_____, Deputy
        DENOSHA BOSTON

---

**ESERVE**

CITATION

DC-17-03622

ROCKY OTTLEY
vs.
ALAN ARMANDO CABADA, et al

ISSUED THIS
29th day of March, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

**Attorney for Plaintiff**
MARK HUMPHREYS
MARK S HUMPHREYS PC
702 DALWORTH STREET
GRAND PRAIRIE TX 75050
TEXASLAW94@YAHOO.COM
972-263-3722

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

FILED
DALLAS COUNTY
4/5/2017 2:23:37 PM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

## OFFICER'S RETURN

Case No.: DC-17-03622

Court No. 68th District Court

Style: ROCKY OTTLEY

vs.

ALAN ARMANDO CABADA, et al

Came to hand on the __30th__ day of __March__, 20__17__, at __10:00__ o'clock __A__.M. Executed at __1999 Bryan Street #900 Dallas, TX. 75201__. within the County of __Dallas__ at __11:15__ o'clock __A__.M. on the __30th__ day of __March__ 20__17__, by delivering to the within named __Allstate Vehicle and Property Insurance Company by delivering to its registered agent CT Corporation System by delivering to Kalvin Bennett by hand__ each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

For serving Citation $ _____    __Mark Palmer__   SCH# 11593  Exp 07/31/2018
For mileage       $ _____    of __Dallas__ County, TX, Authorized person
For Notary        $ _____    By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said __Mark Palmer__ before me this __5th__ day of __April__, 20__17__.

to certify which witness my hand and seal of office.

CHRISTOPHER J. FIORE
Notary Public, State of Texas
Comm: Expires 12-22-2018
Notary ID 11826697

Notary Public _____ County, TX

## FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:
    ALLSTATE VEHICLE AND PROPERTY INCUSRANCE COMPANY
    BY SERVING REGISTERED AGENT C.T. CORPORATION SYSTEM
    1999 BRYAN STREET SUITE 900
    DALLAS TX 75201

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **68th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **ROCKY OTTLEY**

Filed in said Court **27th day of March, 2017** against

**ALAN ARMANDO CABADA AND ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

For Suit, said suit being numbered **DC-17-03622,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 29th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By /s/ Denosha Boston , Deputy
    DENOSHA BOSTON

---

**ESERVE**

CITATION

DC-17-03622

ROCKY OTTLEY
vs.
ALAN ARMANDO CABADA, et al

ISSUED THIS
**29th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

**Attorney for Plaintiff**
MARK HUMPHREYS
MARK S HUMPHREYS PC
702 DALWORTH STREET
GRAND PRAIRIE TX 75050
TEXASLAW94@YAHOO.COM
972-263-3722

**DALLAS COUNTY
SERVICE FEES
NOT PAID**