IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROCKY OTTLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-1070-K |
| | § | |
| ALAN ARMANDO CABADA and | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendant Allstate Fire and Casualty Insurance Company's Notice of Removal and Demand for Jury Trial (Doc. No. 1). The removing party bears the burden of establishing that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Defendant removed this case on the basis of diversity jurisdiction.

Nothing in the record establishes that the minimum jurisdictional requirement of the amount in controversy exceeding the sum or value of $75,000 is met. *See* 28 U.S.C. § 1332(a). "The basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *iGPS Co., LLC v. Nat'l Wooden Pallet & Container Ass'n*, No. 3:11-CV-108-

1

L, 2011 WL 4526087, at *2 (N.D. Tex. Sept. 28, 2011) (quoting *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983)).  Defendant Allstate Fire and Casualty Insurance Company asserts in its Notice of Removal that Plaintiff seeks damages in excess of $200,000 but not over $1,000,000, citing to a specific paragraph in Plaintiff's Original Petition.  Plaintiff's Original Petition makes a general statement that "Plaintiff seeks recovery of over $200,000.00 but less than $1,000,000.00."  Plaintiff's Original Petition does not support this allegation.  Plaintiff only specifically pleads damages of $8,850.00 for the repair of the first sewer line leak and $11,100.00 for the repair of the second sewer line leak.  The Damages section of Plaintiff's Original Petition also does not provide any additional information to affirmatively support Defendant's assertion that the amount in controversy meets the minimum jurisdictional requirement for diversity jurisdiction.

Federal courts have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may raise the jurisdictional issue *sua sponte* at any time. *Id*.  The specific monetary damages that Plaintiff alleges in its Original Petition, which Defendant relies on in Defendant's Notice of Removal, do not meet this Court's minimal jurisdictional requirement that the amount in controversy must exceed the sum or value of $75,000.  Therefore, the Court concludes that this Court is without

jurisdiction and this case is hereby **remanded** to the 68th District Court, Dallas County, Texas.

**SO ORDERED.**

Signed May 1st, 2017.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE